# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-160-JMS-WGH |
| | ) | |
| WARDEN, FCI, Terre Haute, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

Michael Morris pled guilty in the Western District of North Carolina to drug and other offenses. The trial court denied his motion for relief pursuant to 28 U.S.C. § 2255. Morris is now confined within the Southern District of Indiana and challenges his conviction pursuant to 28 U.S.C. § 2241.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

Consistent with the foregoing, a remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *House v. Bell,* 547 U.S. 518, 537-38 (2006). *Horner v. Knight*, 2008 WL 2486502 (S.D.Ind. June 18, 2008).

Morris recognizes this qualification and argues that a remedy pursuant to § 2255 is ineffective "to the extent it bars him from ra[i]sing a valid constitutional claim based on the Federal Government lacking jurisdiction to secure a warrant to search, to arrest, to indict, or to offer a plea, . . . [or to] lawfully convict petitioner

and to sentence him." But he has not shown that he could not have raised his challenges to his convictions in the § 2255 motion that he filed.

Because Morris' habeas claim was or could have been presented to the trial court, the remedy afforded by § 2255 was anything but "unavailable" or ineffective to test the validity of his conviction. It is not available for further review here.

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Morris has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 01/08/2013

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Michael Morris**
**59321-053**
**Terre Haute FCI**
**Inmate Mail/Parcels**
**P.O. Box 33**
**Terre Haute, IN 47808**

**Electronically Registered Counsel**